IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, a Not-for-Profit Corporation, 317 E Spruce St., Missoula, MT 59802<br><br>Plaintiff,<br><br>v.<br><br>COUNCIL ON ENVIRONMENTAL QUALITY, 1600 Pennsylvania Ave. NW, Washington, DC 20500<br>Defendant. | Case No.: CIV. # 17-654<br><br>COMPLAINT FOR DECLARATORY and INJUNCTIVE RELIEF |

## I. INTRODUCTION

1. Plaintiff Alliance for the Wild Rockies (Alliance) brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et seq.*, for declaratory, injunctive and other appropriate relief to enjoin Defendant from withholding requested documents and require that Defendant produce those documents.

2. Defendant violated FOIA by failing to respond to Plaintiff's FOIA request with a determination within the deadline established by FOIA as well as by failing to produce requested documents. This action seeks the following: 1) an order declaring that Defendant acted illegally by failing to respond to Plaintiff's FOIA request; 2) an order declaring that Defendant acted illegally by failing to produce the requested documents; 3) an order enjoining Defendant from withholding the requested documents and requiring Defendant to produce the requested documents; and 4) and order requiring Defendant to pay expenses of this action, including Plaintiff's costs and reasonable attorney fees.

## II. JURISDICTION AND VENUE

3. Pursuant to 5 U.S.C. § 552(a)(4)(B), this Court has subject matter jurisdiction over this action and personal jurisdiction over the parties. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331(a) (federal question).
4. Venue in this District is proper under 5 U.S.C. §552(a)(4)(B) which provides venue for FOIA cases in this district.
5. Declaratory relief is appropriate under 28 U.S.C. § 2201. Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).
6. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## III. PARTIES

7. Plaintiff Alliance for the Wild Rockies ("Alliance") is a tax-exempt, non-profit public interest organization dedicated to the protection and preservation of the native biodiversity of the Northern Rockies Bioregion, its native plants, fish and animal life, and its naturally functioning ecosystems. Its registered office is located in Missoula, Montana. Members of the Alliance observe, enjoy, and appreciate Montana's native wildlife, water quality, terrestrial and aquatic habitat quality, and expect to continue to do so in the future. Alliance members' interests are directly affected by Defendant's failure to respond to requests for, and disclose, information regarding wildlife and critical habitat management.
8. Defendant Council for Environmental Quality ("CEQ") is an administrative agency within the Executive Office of the President and is responsible for overseeing National Environmental Policy Act ("NEPA") implementation through issuing guidance and

interpreting regulations that implement NEPA's procedural requirements. CEQ is the agency in possession and control of records sought by Plaintiff, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(e). CEQ has a statutory duty to respond to Plaintiff's information requests and disclose the requested records. 5 U.S.C. § 552(a)(6)(A).

## IV. FACTUAL AND LEGAL BACK GROUND

9. On June 16, 2016, Plaintiff sent a FOIA Requests ("Request") to CEQ. Plaintiff sent the Request to CEQ via email to the following address: efoia@ceq.eop.gov.

10. Plaintiff's Request states in part:

RE: Freedom of Information Act Request

> Dear Freedom of Information Officer:
>
> Pursuant to the federal Freedom of Information Act (5 U.S.C. 552 et. seq.), the Alliance the Wild Rockies, Inc. is filing this request for information. The Alliance for the Wild Rockies is a 501(c) (3) non-profit, public interest, public education organization.
>
> I would like an electronic copy of all correspondence between CEQ and the Idaho Panhandle National Forest (IPNF) on the Tower Fire Salvage and Reforestation Project.

11. CEQ provided an "initial response" to Alliance on June 20, 2016 acknowledging receipt of the Request, assigning a case number (FY2016-81) and stating that "Unusual circumstances apply in this case due to the likely need to search and collect potentially responsive records from an office separate from the one processing the request." The Acknowledgment Letter also asked for more information/clarification regarding the date range of the documents requested.

12. On June 20, 2016, Plaintiff replied to the Acknowledgement Letter stating, "We would like the search to be conducted for January 2015 through the date the CEQ FOIA response is prepared."

13. On September 8, 2016, Alliance called CEQ Attorney Brook Donner to inquire of the status of the response. Ms. Donner estimated that CEQ would respond to the Request by September 30, 2016. However, CEQ did not respond by September 30, 2016.
14. On January 27, 2017, Plaintiff received a phone call from CEQ personnel informing him that CEQ was working on Plaintiff's FOIA request.
15. As of this date of the filing of this Complaint, CEQ has not made a determination or produced the requested documents.
16. FOIA requires that an agency determine whether to comply with a request for documents within 20 business days of receipt of the request. If the agency determines not to disclose documents to a requester, it must inform the requester of its decision and inform the requester of how to appeal the agency's decision. 5 U.S.C. § 552(a)(4)(A)(i).
17. If the agency makes a request for more information, the 20-day period is tolled while the agency awaits such information. Only one request for information may be made. 5 U.S.C. § 552(a)(6)(A)(ii)(I).
18. The 20-day period may only be extended by written notice to requester if "unusual circumstances" exists. The written notice must set forth: 1) the unusual circumstances for such extension; and 2) the date on which a determination is expected to be dispatched. 5 U.S.C. § 552(a)(6)(B)(i).
19. The extension for "unusual circumstances" must not exceed 10 working days unless the agency notifies the requester that the request cannot be processed within the time limit and "shall provide the person an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(ii).

20. Assuming that Alliance's request qualified for the "unusual circumstances" and the deadline for a response was tolled for on additional one day under 5 U.S.C. § 552(a)(6)(A)(ii)(I),(II), CEQ was required to make a determination on Alliance's request on July 29, 2016.

21. CEQ did not respond with a determination on July 29, 2016.

22. CEQ's Acknowledgment Letter did not provide a date in which a determination is expected nor did it provide "an opportunity to limit the scope of the request so that it may be processed within the time limit" or provide "an opportunity to arrange with the agency an alternative time frame . . ." as set forth in 5 U.S.C. § 552(a)(6)(B)(ii).

23. Moreover, Alliance and CEQ communicated via telephone twice regarding this request. Both times, CEQ implied that the FOIA response would be forthcoming. However, CEQ has failed to make a determination or provide Plaintiff with the requested documents.

24. Plaintiff is directly and adversely affected by Defendants' failure to respond and provide all responsive records and documents for its FOIA request.

25. Plaintiff is "deemed to have exhausted [its] administrative remedies" because Defendant "failed[ed] to comply with the applicable time limit provisions" of the FOIA. 5 U.S.C. § 552(a)(6)(C)(I).

26. Plaintiff has been required to expend costs and retain legal representation to prosecute this action.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

<u>Defendant violated FOIA by failing to issue a determination for Plaintiff's FOIA Request by the statutory deadline.</u>

27. Plaintiff incorporates all previous paragraphs by reference.

28. Defendant violated FOIA's requirement that an administrative agency must respond to a FOIA request within 20 business days with a substantive determination that notifies the requester whether the agency will comply with the request, the scope of the documents the agency will produce, whether any exemptions are being claimed to deny any part of the request, and how to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(A)(I).

29. Alternatively, if the 10-day extension for "unusual circumstances" applies, Defendant has also violated that deadline.

30. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

SECOND CLAIM FOR RELIEF

Defendant violated FOIA by failing to make requested records promptly available to Plaintiff.

31. Plaintiff incorporates all previous paragraphs by reference.

32. Defendant violated FOIA because its failure to provide the documents requested by Plaintiff violates the FOIA requirement that every administrative agency "make the records promptly available to any person" who requests records from an administrative agency. 5 U.S.C. § 552(a)(3)(A).

33. Unless enjoined by this Court, Defendant will continue to violate Plaintiff's legal rights to access the records that it has requested.

34. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA. 5 U.S.C. § 552(a)(4)(E).

## VI. REQUEST FOR RELIEF

THEREFORE, Plaintiff requests this Court enter judgment providing the following relief:

A. Declare that Defendant Council for Environmental Quality violated FOIA by failing to issue a determination for Plaintiff's FOIA request in accordance with the statutory deadline;

B. Declare that Defendant Council for Environmental Quality violated FOIA by failing to promptly produce the documents requested in Plaintiff's FOIA request.

C. Enjoin Defendant from withholding the requested records, and order Defendant to immediately provide the requested records to Plaintiff;

D. Award Plaintiff its reasonable costs, litigation expenses and attorneys' fees as provided by 5 U.S.C. § 552(a)(4)(e); and

E. Grant such other and further relief as this Court may deem proper and just.

Respectfully submitted April 13, 2017.

/s/ *Matt Kenna*
Matt Kenna, D. D.C. Bar # CO0028
Public Interest Environmental Law
679 E 2nd Ave., Suite 11B
Durango, CO 81301
(970) 749-9149
matt@kenna.net

Kristine M. Akland, D. MT Bar #13787
Akland Law Firm, PLLC
PO Box 7274
Missoula, MT 59807
(406) 544-9863
aklandlawfirm@gmail.com
Applicant *Pro Hac Vice*

Timothy M. Bechtold, D. MT Bar #4376
Bechtold Law Firm, PLLC
PO Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.com
Applicant *Pro Hac Vice*

Attorneys for Plaintiff